# IN THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF OKLAHOMA

| KENNETH LEE BAILEY, | ) |  |
|---|---|---|
| Plaintiff, | ) |  |
| vs. | ) | CASE NO. CIV-11-104-HE |
| MARVIN VAUGHN, et al., | ) |  |
| Defendants. | ) |  |

## **REPORT AND RECOMMENDATION**

Plaintiff Kenneth Bailey, a prison inmate in the custody of the State of Oklahoma who is appearing *pro se* and *in forma pauperis*, has brought this civil rights complaint pursuant to 42 U.S.C. § 1983 alleging that various individuals employed at the William Key Correctional Center ("WKCC") violated his constitutional rights [Doc. No. 1].[1] The matter has been referred to the undersigned Magistrate Judge for initial proceedings consistent with 28 U.S.C. § 636(b)(1)(B).

In accordance with the undersigned's order and with *Martinez v. Aaron*, 570 F. 2d 317 (10th Cir. 1978), a Special Report was filed by Oklahoma Department of Corrections [Doc. No. 30]. The Defendants have filed a motion to dismiss or, alternatively, for summary judgment [Doc. No. 32] to which Plaintiff has responded by filing what he styles as a motion in opposition to Defendants' motion [Doc. No. 33]. In addition, Plaintiff has separately filed

---

[1] Plaintiff is currently incarcerated at the Dick Conner Correctional Center [Doc. No. 36].

a sworn statement [Doc. No. 34] and a supplemental response addressing Defendants' claim of qualified immunity [Doc. No. 35].

For the reasons which follow and upon review of Defendants' arguments and Plaintiff's response thereto, as well as upon consideration of the undisputed facts and the supporting evidence proffered by both sides, the undersigned finds that Defendants' alternative motion for summary judgment should be granted for the reason that Plaintiff failed to properly exhaust his administrative remedies. In light of this recommendation, Defendants' remaining arguments in support of dismissal and/or summary judgment are not addressed.[2]

**Plaintiff's Complaint**

Plaintiff maintains, in short, that his right to be free from cruel and unusual punishment was violated on October 6, 2010, when he was assaulted by members of a prison gang with the acquiescence Defendant Hand [Doc. No. 1, p. 4]. Defendants Vaughn and Jones are alleged to have been aware of previous episodes of violence at the prison and of failing "to take any action to abate the violence."[3] *Id.* Plaintiff further alleges that Defendant Eike along with the other Defendants violated his right of access to the courts by thwarting his ability to exhaust his administrative remedies or, in his words, by "check-mat[ing]" his exhaustion efforts. *Id.* at 5. Monetary damages and unspecified declaratory

---

[2]Because "no unexhausted claim may be considered[,]" *Jones v. Bock,* 549 U.S. 199, 220 (2007), the issue of exhaustion is addressed before reaching the merits of Plaintiff's case.

[3]Unless otherwise indicated, quotations in this report are reproduced verbatim.

relief are sought. *Id.* at 5 - 6.

**Standard of Review**

Summary judgment shall be granted "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). In considering a motion for summary judgment, the court must view the facts and inferences drawn from the record in the light most favorable to the nonmoving party. *Burke v. Utah Transit Auth. & Local 382,* 462 F.3d 1253, 1258 (10th Cir. 2006) (quotation omitted). And, while a *pro se* plaintiff's complaint is liberally construed, a *pro se* plaintiff must adhere to the same rules of procedure which are binding on all litigants. *Kay v. Bemis,* 500 F.3d 1214, 1218 (10th Cir. 2007). Thus, strict adherence by a *pro se* plaintiff to the requirements of Fed. R. Civ. P. 56 is required. With respect to those requirements, the Supreme Court has determined that

> the plain language of Rule 56 . . . mandates the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial. In such a situation, there can be "no genuine issue as to any material fact," since a complete failure of proof concerning an essential element of the nonmoving party's case necessarily renders all other facts immaterial.

*Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23 (1986).

Additionally, when an affirmative defense – such as the failure to exhaust administrative remedies – is asserted in a motion for summary judgment, Defendants "must demonstrate that no disputed material fact exists regarding the affirmative defense asserted." *Hutchinson v. Pfeil,* 105 F.3d 562, 564 (10th Cir. 1997). "If the defendant[s] meet[] this

3

initial burden, the plaintiff must then demonstrate with specificity the existence of a disputed material fact." *Id.* "If the plaintiff fails to make such a showing, the affirmative defense bars his claim, and the defendant[s] [are] then entitled to summary judgment as a matter of law." *Id.*

**Exhaustion of Administrative Remedies**

The Prison Litigation Reform Act of 1995 ("PLRA") requires that a prisoner exhaust *all* available administrative remedies before resorting to a § 1983 action in federal court. Specifically, 42 U.S.C. § 1997e(a) provides that:

> No action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted.

*Id*. In construing this legislation, the United States Supreme Court has determined "that exhaustion is mandatory under the PLRA and that unexhausted claims cannot be brought in court." *Jones v. Bock*, 549 U.S. 199, 211 (2007).[4] A prisoner, such as Plaintiff, successfully exhausts administrative remedies by completing the administrative review process established by the prison grievance procedure. *Id.* at 218. "An inmate who begins the grievance process but does not complete it is barred from pursuing a § 1983 claim under PLRA for failure to exhaust his administrative remedies." *Jernigan v. Stuchell,* 304 F.3d 1030, 1032 (10th Cir. 2002). "To exhaust administrative remedies an inmate must properly

---

[4]Contrary to Defendants' argument, the doctrine of *total* exhaustion has been squarely rejected by the Supreme Court. *See Jones v. Bock*, 549 U.S. 199 (2007).

4

comply with grievance procedures; substantial compliance is insufficient." *Fields v. Oklahoma State Penitentiary,* 511 F.3d 1109, 1112 (10th Cir. 2007). Courts, however, "are obligated to ensure that any defects in exhaustion were not procured from the action or inaction of prison officials." *Aquilar-Avellaveda v. Terrell*, 478 F.3d 1223, 1225 (10th Cir. 2007).

In connection with their argument that Plaintiff failed to properly exhaust his administrative remedies, Defendants have submitted a copy of the DOC grievance procedures, OP-090124. *See* Oklahoma Department of Corrections Inmate/Offender Grievance Process, OP-090124 [Special Report, Attachment 5]. This process requires an initial, informal attempt to resolve a complaint by talking with the case manager, supervising employee or other appropriate staff. *Id.* at IV.A. If the matter remains unresolved, the inmate must then submit a written "Request to Staff," briefly but specifically describing his complaint. *Id.* at IV.B. Should the informal attempts at resolution fail, the inmate's next step is submission of an "Offender Grievance Report Form." *Id.* at V.A. An unfavorable response to the grievance may then be appealed to the Administrative Review Authority or Chief Medical Officer, as appropriate. *Id.* at VII. The ultimate ruling of the Administrative Review Authority or Chief Medical Officer concludes the administrative process available to an inmate through the Oklahoma Department of Corrections. *Id.* at VII.D.

As evidentiary support for their affirmative defense, Defendants rely in part upon the affidavit of Larisa Howell, Secretary to the warden of WKCC [Special Report, Attachment 13-A, p. 1]. Affiant Howell states that she "reviewed the Request to Staff, grievance records,

5

and documentation regarding [Plaintiff]" with regard to the October 6, 2010, incident and located one Offender Grievance Report Form – No. 10-42– which was received in the warden's office on November 16, 2010, and subsequently returned to Plaintiff unanswered with the explanation that he had failed to attach an answered request to staff indicating his attempt at informal resolution. *Id.*[5] The affiant further states that Plaintiff was "advised that if he wished to continue with his issue another grievance must be completed following the instructions outlined in DOC policy OP-090124" and that Plaintiff did not submit another grievance.[6] *Id.*

By establishing that Plaintiff did not properly file a grievance[7] (or any grievance

---

[5]*See* Special Report, Attachment 12.

[6]Defendants also rely upon the affidavit of Kerry Minyard who is employed as an Administrative Programs Officer in the Administrative Review Unit at the Oklahoma Department of Corrections Administrative Offices [Doc. No. 32, p. 12; Special Report, Attachment 13-A, p. 3]. Affiant Minyard's review of the administrative documentation regarding Plaintiff reveals that Plaintiff "has not filed any grievance/grievance appeals with [the Administrative Review Unit] regarding the incident that happened at William Key Correctional Center." [Special Report, Attachment 13-A, p. 3].

[7]A review of the applicable procedure reveals that the "Request to Staff" form must be submitted when an "Offender Grievance Report Form" is filed:

> If a complaint is not resolved informally, the offender may obtain and complete the "Offender Grievance Report Form" (DOC 090124A) and submit the grievance form, along with the "Request to Staff" form used in the informal resolution process with the response, to the reviewing authority. The "Request to Staff" form may be a copy of the form. . . .

*See* Oklahoma Department of Corrections Inmate/Offender Grievance Process, OP-090124, at V.A. [Special Report, Attachment 5]. Pursuant to the grievance policy, Plaintiff then had ten days in which to re-submit his grievance with the attached form. *Id.*

appeal) as mandated by the applicable grievance process, Defendants have met their initial burden of demonstrating that no disputed material fact exists regarding their affirmative defense of failure to exhaust. Accordingly, Plaintiff must now "demonstrate with specificity the existence of a disputed material fact." *Hutchinson,* 105 F.3d at 564. In this regard, the second count of Plaintiff's complaint serves as his initial explanation of his failure to exhaust his administrative remedies:

> Defendant(s) have, through their agents, tried to prevent plaintiff from filing any form of Request to Staff (which is an intrinsic first step to the Inmate Grievance Procedure) by throwing the Requests to Staffs in the garbage and claiming that they were never received. Equally, when plaintiff did eventually mange to file a Grievance directly to the office of the Warden, defendant Linda Eike, Secretary to the Warden, handled the grievance arbitrarily, capriciously, and dismissed it without addressing any of the issues that the document contained. Equally, Mrs. Eike told plaintiff that inmates in Oklahoma were not permitted to file civil actions from the confines of prison. Plaintiff has, in retrospect to the cause of action herein, grieved the fact that staff at William s. Keys Correctional Center prevented him from filing other grievances (in good faith). Thus, plaintiff has been unable to exhaust State Administrative Remedies as they apply to the Inmate Grievance Procedure because he has been essentially prevented from doing so as is stated aforesaid; thus, to plaintiff, his availability to the inmate grievance procedure has been essentially check-mated.

[Doc. No. 1, p. 5]. Nevertheless, in response to Defendants' *proof* that he failed to properly resubmit the grievance that Defendant Eike allegedly mishandled, Plaintiff neither provides evidence demonstrating that he resubmitted the grievance in compliance with the requirements of the grievance procedure nor does he dispute the fact that he was afforded that opportunity [Doc. No. 33, pp. 12 - 14]. Instead, Plaintiff simply restates his unsupported and conclusory allegation that Defendants "'check-matted' him from

exhaustion[.]" *Id.* at 14.

In addition, Plaintiff argues that "[e]ven if Plaintiff had not attempted to exhaust his' State Administrative Remedies (which he did) under the Inmate Grievance Procedure, OP-090124: Offender Grievance Process, does not provide a remedy that Pre-offers compensation for constitutional violations; pain and suffering; monetary damages (period). . . ." *Id.* at 12. Likewise, he contends that "[g]rievances that are filed where the person grieving fully 'knows' that no remedy under OPs are available, are considered as an 'Abuse of the Grievance Procedure" and, consequently, "even if defendant Eike had not essentially 'check-matted' Plaintiff's attempts to exhaust State Administrative Remedies, it still would have been futile to pursue an action where there is no remedy. *Id.* at 13. *See also* Doc. No. 34, pp. 2- 3.

With regard to Plaintiff's claim that he was prevented from exhausting his remedies because his submission of a grievance could have constituted an abuse of the grievance procedure, it is undisputed that Plaintiff was not constrained by this possibility. He, in fact, initiated the grievance procedure by submitting a request to staff and a grievance but did not successfully complete the grievance phase because he failed to attach the request to staff to the grievance and then failed to correct his error when provided with the opportunity to do so. "An inmate who begins the grievance process but does not complete it is barred from pursuing a § 1983 claim under PLRA for failure to exhaust his administrative remedies." *Jernigan,* 304 F.3d at 1032. And, as to Plaintiff's argument that prison policy does not allow monetary damages, "[e]ven when the prisoner seeks relief not available in grievance

proceedings, notably money damages, exhaustion is a prerequisite to suit." *Porter v. Nussle*, 534 U.S. 516, 524 (2002).

The undersigned finds that Defendants have affirmatively established that Plaintiff failed to exhaust his administrative remedies prior to initiating this § 1983 action and, consequently, Defendants are entitled to judgment as a matter of law.

## **RECOMMENDATION AND NOTICE OF RIGHT TO OBJECT**

For the reasons set forth above, it is the recommendation of the undersigned Magistrate Judge that Defendants' motion for summary judgment [Doc. No. 32] be granted. It is also recommended that plaintiff's motion for appointment of counsel [Doc. No. 25] be denied as moot[8] if Defendants are granted summary judgment as recommended.

The parties are advised of their right to object to this Report and Recommendation by September 22, 2011, in accordance with 28 U.S.C. §636 and Fed. R. Civ. P. 72. The parties are further advised that failure to make timely objection to this Report and Recommendation waives their right to appellate review of both factual and legal issues contained herein. *Moore v. United States*, 950 F.2d 656 (10th Cir. 1991).

---

[8]Appointed counsel could not have successfully aided Plaintiff in avoiding summary judgment in favor of Defendants. Plaintiff failed as a matter of both fact and law to exhaust his administrative remedies prior to initiating this action and requesting counsel.

This Report and Recommendation disposes of all issues referred to the Magistrate Judge in this matter.

ENTERED this 2nd day of September, 2011.

BANA ROBERTS
UNITED STATES MAGISTRATE JUDGE