## IN THE UNITED STATES DISTRICT COURT FOR THE
## WESTERN DISTRICT OF OKLAHOMA

KENNETH LEE BAILEY,       )
                                     )
             Plaintiff,     )
vs.                            )        NO. CIV-11-104-HE
                                     )
MARVIN VAUGHN, Warden, et al.,  )
                                   )
            Defendants.    )

## ORDER

Plaintiff Kenneth Lee Bailey, a state prisoner appearing *pro se*, filed this action pursuant to 42 U.S.C. § 1983. He alleges violations of his constitutional rights arising from an assault that occurred while he was incarcerated at William S. Key Correctional Center. Consistent with 28 U.S.C. § 636(b)(1)(B), the matter was referred to Magistrate Judge Bana Roberts. She recommends that the motion for summary judgment filed by defendants be granted because the plaintiff failed to exhaust his administrative remedies as required by the Prison Litigation Reform Act.

"The Prison Litigation Reform Act, 42 U.S.C. § 1997e(a), requires that 'available' administrative remedies be exhausted prior to filing an action with respect to prison conditions under § 1983." Jernigan v. Stuchell, 304 F.3d 1030, 1032 (10th Cir. 2002). However, failure to exhaust may be excused if caused by a prison official's interference with, or obstruction of, the grievance process.

The plaintiff objected to the Report and Recommendation, asserting that, though he took the initial step in the exhaustion process by filing a Request to Staff, further exhaustion

would have been futile. He bases this assertion on the response he received to his complaint: "Mr. Bailey proper policy and protocol have been followed as a result of this incident." Objections, p. 7; Appendix 1. However, the fact that the grievance was not resolved in plaintiff's favor at that step does not excuse him from proceeding to the next step, which he, in fact, did. The problem was he failed to attach the Request to Staff to his Offender Grievance Report Form. Although he was advised of the error and given an opportunity to correct it, he did not.[1] See Objections, Appendix II, ¶ 17 ("If you wish to continue with your issue, please complete another Grievance following the instructions as outlined in OP-090124.").

Plaintiff's assertion that, after the document was returned, he "could not procure other forms to pursue a grievance, and Request to Staffs went unanswered, or would be answered arbitrarily and capriciously," Objections, p. 8, does not explain why he failed to resubmit his Offender Grievance Report Form (Appendix II) with the Request to Staff dated 11/2/10 (Appendix I).[2] His general, conclusory allegation that "they inhibited plaintiff from filing Request to Staffs, or grievances," Objections, p. 8, is insufficient to create a factual dispute

---

[1] As the magistrate judge noted, pursuant to the grievance policy plaintiff had ten days within which to resubmit his grievance with the attached form. Report and Recommendation, p. 6 n.7, citing to Oklahoma Department of Corrections Inmate/Offender Grievance Process, OP-090124, at V(A)(7). Special Report [Doc. #30], Attachment 5.

[2] It appears plaintiff submitted two Requests to Staff pertaining to the 10/6/10 incident. Special Report, Attachments 9, 11.

as to whether he was precluded from exhausting his claims by prison officials.[3]

Plaintiff's remaining argument – that if he had exhausted his remedies he would have run the risk of being sanctioned – is baseless. Grievances are considered to be an abuse of discretion under the Offender Grievance Process[4] when they are "about de minimis (small, trifling, no available remedy) issues." Special Report, Attachment 5, Oklahoma Department of Corrections Inmate/Offender Grievance Process, OP-090124, at IX(A)(1)(d). The fact that plaintiff sought relief, such as money damages, that might not have been available, does not mean plaintiff's grievance would have been considered to be de minimis.

The court agrees with the magistrate judge that the plaintiff failed to exhaust his administrative remedies and adopts Magistrate Judge Robert's Report and Recommendation. While the court is concerned about the assault that occurred, it lacks the authority to excuse the failure to exhaust. Accordingly, the motion for summary judgment filed by defendants [Doc. #32] is granted. As the court agrees with the magistrate judge that appointed counsel could not have assisted plaintiff in overcoming his failure to exhaust, plaintiff's motion

---

[3]*Plaintiff's own exhibits, as well as the Special Report, demonstrate that he was able to submit grievances. See Special Report, Attachments 6-12.*

[4]*Plaintiff argued to the magistrate judge that the Offender Grievance Process does not offer a remedy that "'Pre-offers compensation for constitutional violations; pain and suffering; monetary damages (period)..'" Report and Recommendation, p.8. In his Objections plaintiff asserts that no remedy exists for his claims under the Offender Grievance Process. However, as the Magistrate Judge noted, exhaustion is required even when the prisoner seeks relief that is not available in grievance proceedings. Jernigan, 304 F.3d at 1032 (" Even where the 'available' remedies would appear to be futile at providing the kind of remedy sought, the prisoner must exhaust the administrative remedies available.").*

requesting an attorney [Doc. #25] is denied.

**IT IS SO ORDERED**.

Dated this _22nd_ day of _Dec._, 2011.

 

 

_____

JOE HEATON
UNITED STATES DISTRICT JUDGE